**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 04-6654**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGINALD LUCAS,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CR-01-205)

─────────

Submitted: February 25, 2005          Decided: August 17, 2005

─────────

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

─────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

─────────

Reginald Lucas, Appellant Pro Se. Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Reginald Lucas, a federal prisoner, appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion[*] and dismissing his action filed pursuant to the Freedom of Information Act (FOIA). Lucas also seeks to appeal a separate district court order denying relief on his motion filed under 28 U.S.C. § 2255 (2000).

An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Lucas has not made the requisite showing. Accordingly, we deny a certificate of

---

[*]The motion did not seek relief from any civil judgment, but rather was an attack on Lucas' drug conviction. Lucas filed the motion before he filed his § 2255 action.

appealability and dismiss the appeal from the denial of the § 2255 motion.

Because Lucas did not raise his FOIA claim in his informal brief to this court, the issue is waived. <u>See</u> 4th Cir. Local R. 34(b). Further, in Lucas' valid and binding plea agreement, he waived his right to bring the FOIA claim as well as the claim he raised in his Rule 60(b) motion. We accordingly affirm the district court's order denying the FOIA request and the Rule 60(b) motion. The motion to compel the district court to state its reason for denying a certificate of appealability and the "Motion to Subtract Supplement Brief" are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>